IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**JEFF AND TANYA TURNER,**

        **Plaintiffs**

v.                                                                                          CA. NO.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

and

**EQUIFAX INFORMATION SERVICES, LLC.**

and

**HSBC MORTGAGE SERVICES INC.**

        **Defendants**

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought by the plaintiffs, Jeff and Tanya Turner, pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. The Plaintiffs bring this action for Defendants' wrongful furnishing, verification and reporting of inaccurate information in consumer reports relating to them.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p, 28 U.S.C. §1331 and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District and Defendants were doing business in Maine during all relevant times.

## PARTIES

3. Plaintiff, Jeff Turner, is a natural person and resident of the State of Maine. He is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Plaintiff, Tanya Turner, is a natural person and resident of the State of Maine. She is a "consumer" as defined by 15 U.S.C. §1681a(c).

5. Upon information and belief, Defendant Experian Information Solutions, Inc. ("Experian") is a corporation authorized to do business in the State of Maine through its registered agent's office.

6. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. §1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, Equifax Information Services, LLC ("Equifax") is a corporation authorized to do business in the State of Maine through its registered agent's office.

9. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, HSBC Mortgage Services Inc. ("HSBC") is a mortgage lender doing business in the State of Maine.

12. At all times relevant to this action, Defendant HSBC was a furnisher of consumer information to Defendants Experian, Equifax and other consumer reporting agencies, and furnished information relating to Plaintiffs and a mortgage loan they had with HSBC.

**FACTS**

13. In 2008 HSBC foreclosed a mortgage it held on the Turners' former home. In connection with the foreclosure, HSBC released the Turners from any further liability on the note secured by the property and reported to the court that there was a $0 deficiency.

14. HSBC continued to report that the Turners owed a deficiency balance of $43,000 to credit reporting agencies after the release.

15. In April 2011 the Turners began looking for financing to build a home on some property they own. They had plans and permits ready to go for the project and were seeking funding in the range of $179,000.

16. The Turners spoke to several potential lenders and their credit was checked numerous times.

17. In connection with these credit checks they learned that HSBC was reporting to Experian, Equifax and TransUnion that their house had been foreclosed and that there was a past due balance of $43,469 owed.

18. This information was inaccurate.

19. The Turners contacted HSBC to dispute the inaccurate information and sent proof that there was no balance owed.

20. HSBC told Mr. Turner that the information he had sent was insufficient and continued to maintain that there was a balance owed.

21. On August 30, 2011 the Turners disputed the erroneous entries pursuant to the FCRA. Copies were sent to HSBC.

22. Upon information and belief the credit reporting agencies forwarded the disputes to HSBC pursuant to FCRA procedures.

23. On September 8, 2011 HSBC sent the Turners a letter confirming receipt of their inquiry.

24. TransUnion deleted the HSBC tradeline in response to the Turners' dispute.

25. Equifax responded to the Turners' dispute saying that HSBC was reporting a zero balance but the tradeline continued to include the inaccurate status that the account was over 120 days past due.

26. Experian continued to report the inaccurate balance information after the Turners' dispute.

27. HSBC sent the Turners a letter dated September 15, 2011 acknowledging that the credit reports should read "completed foreclosure" with no balance due and alleging that it had requested that the credit bureaus update their reporting.

28. Despite having acknowledged that it was not accurate, HSBC continued to report inaccurate information.

29. As of August 17, 2012, Mrs. Turner's Experian report still shows a $43,000 balance owed to HSBC which is inaccurate.

30. As of September 26, 2012, Mr. Turner's Experian report still shows a $43,000 balance owed to HSBC which is inaccurate.

31. As of August 20, 2012, Mrs. Turner's Equifax report still shows the HSBC account as 120+ days past due which is inaccurate.

32. As of September 26, 2012, Mr. Turner's Equifax report still shows the HSBC account as 120+ days past due which is inaccurate.

33. The Turners have been denied credit numerous times as a result of the inaccurate HSBC information.

34. In June 2012 they were again denied a loan to build their home by Residential

Mortgage Services in Auburn, Maine. The representative they were working with told the Turners that the HSBC balance on their credit report was the reason for the denial.

35. The Turners were also told by at least two other potential mortgage lenders that the HSBC balance would preclude their qualifying for a home loan. As a result they have stopped seeking financing to build a new home on the property they own and are living in a two bedroom rental with their two children.

36. Mr. Turner was denied credit for several car loans in 2012.

37. In September 2012, Mr. and Mrs. Turner attempted to rent a car at the airport but were denied after a credit check through Experian.

38. On November 7, 2012 Plaintiffs' counsel sent a demand letter to HSBC.

39. HSBC did not respond to the letter.

40. As set forth above, HSBC furnished inaccurate information relating to the Plaintiffs' mortgage, hereinafter the "HSBC tradeline," to one or more consumer reporting agencies including Defendants Experian and Equifax.

41. As set forth above, Plaintiffs communicated on one or more occasions to Defendant Experian a dispute over the accuracy of its reports on Plaintiffs relating to the HSBC tradeline and provided it with supporting documentation.

42. Upon information and belief, Defendant Experian notified HSBC of Plaintiffs' disputes regarding the tradeline and requested HSBC to investigate and verify or correct the information.

43. Upon information and belief, HSBC responded to Experian's request for verification of the tradeline by wrongly furnishing inaccurate information.

44. After Plaintiffs' dispute, Defendant Experian wrongly and inaccurately continued to report the disputed tradeline.

45. As set forth above, Plaintiffs communicated on one or more occasions to Defendant Equifax a dispute over the accuracy of its reports on Plaintiffs relating to the HSBC tradeline and provided it with supporting documentation.

46. Upon information and belief, Defendant Equifax notified HSBC of Plaintiffs' disputes regarding the tradeline and requested HSBC to investigate and verify or correct the information.

47. Upon information and belief, HSBC responded to Equifax's request for verification of the tradeline by wrongly furnishing inaccurate information.

48. After Plaintiffs' dispute, Defendant Equifax wrongly and inaccurately reported the disputed tradeline.

49. Defendants willfully or, in the alternative, negligently failed to comply with the requirements of the FCRA, and, in doing so, violated Plaintiffs' rights.

50. Plaintiffs applied for but were denied credit after the Defendants' violations alleged herein, and the Defendants' violations were each a substantial cause in the denial of credit to Plaintiffs on such occasions.

51. Defendants' violation of Plaintiffs' rights under the FCRA caused Plaintiffs mental anguish, damage to their credit reputation and economic damages.

52. Defendants are each liable to Plaintiffs for the greater of actual damages or statutory damages and, for willful violations, punitive damages against each Defendant as provided under the FCRA.

53. Plaintiffs have retained the undersigned attorneys to pursue these claims and are obligated to them for attorney's fees and expenses.

54. After receiving Plaintiffs' notice of the inaccuracy and within the two years preceding the filing of this action, Experian and Equifax each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory HSBC tradeline.

55. Experian and Equifax each received Plaintiffs' disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, they merely "parroted" the information dictated by HSBC.

56. Upon information and belief, Plaintiffs allege that on one or more occasions Experian and Equifax each forwarded Plaintiffs' disputes to HSBC. Upon information and belief, HSBC was provided notice of Plaintiffs' disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

57. During the time that HSBC has reported the derogatory history on the Plaintiffs' account, the account has been subject to an unresolved bona fide dispute by the Plaintiffs. Despite this fact, HSBC has not included a notice in the HSBC reporting that the Plaintiffs had disputed such information and continued to report inaccurate information to Experian and Equifax.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681e(b)**
**(Experian and Equifax)**

58. The Plaintiffs reallege and incorporate paragraphs 1 through 57 above as if fully set out herein.

59. Experian and Equifax each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' credit reports and credit files they published and maintain concerning the Plaintiffs.

60. As a result of the conduct, actions and inactions of Experian and Equifax, the Plaintiffs suffered actual damages including, without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

61. Experian and Equifax's conduct, actions and inactions were willful, rendering them each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

§1681n. In the alternative, Experian and Equifax were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

62. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i**
**(Experian and Equifax)**

63. Plaintiffs reallege and incorporate paragraphs 1 through 62 above as if fully set out herein.

64. Experian and Equifax each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiffs' credit files.

65. Experian and Equifax each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide notification of the Plaintiffs' disputes to HSBC and by failing to include all relevant information regarding the Plaintiffs' disputes.

66. Experian and Equifax each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiffs.

67. Experian and Equifax each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiffs' credit files or modify the HSBC reporting information upon an accurate reinvestigation and/or by failing to meet the requirements before reinserting previously deleted material.

68. Experian violated 15 U.S.C. §1681i(a)(6) by failing to provide proper written notice of

the results of reinvestigations to the Plaintiffs.

69. As a result of the conduct, actions and inactions of Experian and Equifax, the Plaintiffs suffered actual damages including, without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

70. Experian and Equifax's conduct, actions and inactions were willful, rendering them each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Experian and Equifax were each negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

71. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681s-2(b)
### (HSBC)

72. Plaintiffs reallege and incorporate paragraph 1 through 71 above as if fully set out herein.

73. Within two years prior to the filing of this suit, by example only and without limitation, HSBC violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiffs' disputes of the HSBC reporting after receipt of notice of such disputes from Experian and Equifax.

74. Within two years prior to the filing of this suit, by example only and without limitation, HSBC violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies with Plaintiffs' disputes.

75. Within two years prior to the filing of this suit, by example only and without limitation, HSBC violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(C) and (D) by

publishing the HSBC tradeline within Plaintiffs' credit file with Experian and Equifax and by failing to accurately and completely report the results of a lawful investigation to each other credit reporting agency.

76.     As a result of the conduct, actions and inactions of HSBC, the Plaintiffs suffered actual damages including, without limitation, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

77.     HSBC's conduct, action and inaction were willful, rendering HSBC liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, HSBC was negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

78.     The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from HSBC in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and o.

WHEREFORE, Plaintiffs demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted

**Jeff and Tanya Turner,**
By their attorneys:

/s/ Andrea Bopp Stark
Andrea Bopp Stark

                                              Molleur Law Office
                                              419 Alfred Street
                                              Biddeford, ME  04005-3747
                                              207-283-3777
                                              andrea@molleurlaw.com

                                              Elizabeth A. Miller
                                              Attorney at Law
                                              *Pro hac vice* pending
                                              125 Summer Street, Suite 1030
                                              Boston, MA 02110
                                              Telephone: (617) 478-4914
                                              elizabethamiller@comcast.net

Date:  January 9, 2013